Page 1 of 4

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**TAVARISS DAVIS,**

    **Plaintiff,**

vs.                                    Case No. 4:11cv149-MP/WCS

**JUDGE STEPHEN MURPHY, et al.,**

    **Defendants.**

_____/

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint under 42 U.S.C. § 1983. Doc. 1. Plaintiff's motion for *in forma pauperis* status was granted, docs. 2, 4, and Plaintiff has now paid the assessed initial partial filing fee. Accordingly, the complaint may now be reviewed pursuant to 28 U.S.C. § 1915A.

Plaintiff brings this case against three Defendants: Judge Stephen Murphy, a state court judge, Timothy Murphy, a Detective with the Perry Police Department, and Elise Blair, an assistant district attorney. Doc. 1, p. 2. In sum, Plaintiff contends that Judge Murphy should have recused himself from this case due to close familial

relationship with Detective Murphy.  Plaintiff claims Prosecutor Blair violated her ethical and professional responsibilities in prosecuting him and Plaintiff contends he is being denied his right to a fair trial under the Due Process Clause.

Plaintiff asserts that he is in jail awaiting trial.  Doc. 1, p. 7.  He was "originally arrested on" March 23, 2010, and after posting bond, he indicates he was returned to jail on October 4, 2010.  *Id.*, at 6.  Plaintiff's request for relief is that "all charges be dismissed less there be factual evidence to substantiate such allegations."  *Id.*, at 8.

Under the Younger[1] abstention doctrine, "federal district courts must refrain from enjoining pending state court proceedings except under special circumstances."  Old Republic Union Ins. Co. v. Tillis Trucking Co., 124 F.3d 1258, 1261 (11th Cir. 1997), Courts should abstain from granting injunctive relief under *Younger* where: (1) the state proceeding is ongoing; (2) the proceeding implicates an important state interest; and (3) there is an adequate opportunity to raise a constitutional challenge in the state court proceedings.  Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432, 102 S.Ct. 2515, 2521, 73 L.Ed.2d 116 (1982).  Here, the state criminal proceedings are ongoing as Plaintiff is awaiting trial.  The ability to prosecute violations of state criminal law is an important state interest, and Plaintiff may bring his due process challenges to the fairness of his trial through his defense counsel.  This Court must abstain from involving itself in Plaintiff's ongoing state criminal proceedings.

Moreover, Plaintiff may not bring a civil rights claim for monetary damages against a state court judge for his actions as a judge because a judge is protected by absolute judicial immunity.  Stump v. Sparkman, 435 U.S. 349, 355-357, 98 S.Ct. 1099,

---

[1] Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

1104-05, 55 L. Ed.2d 331 (1978).  While I note that Plaintiff has not explicitly sought monetary damages, there is no ability to seek such damages against this Defendant, and Plaintiff does not have a valid civil rights claim that can proceed against this Defendant.

Plaintiff may also not bring a claim against the detective for testifying in court against Plaintiff because he is protected by witness immunity.  *See* Briscoe v. LaHue, 460 U.S. 325, 341-42, 103 S. Ct. 1108, 1119, 75 L. Ed. 2d 96 (1983) (holding that police officers who give perjured testimony in judicial proceedings are immune from suit and noting that "[s]ubjecting government officials, such as police officers, to damages liability under § 1983 for their testimony might undermine not only their contribution to the judicial process but also the effective performance of their other public duties."); *see also* Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999).  Likewise, a prosecutor has absolutely immunity from suit under the civil rights statutes for actions which are "intimately associated with the judicial phase of the criminal process."  Imbler v. Pachtman, 424 U.S. 409, 430, 96 S.Ct. 984, 994-995, 47 L.Ed.2d 128 (1976); Cook v. Houston Post, 616 F.2d 791, 793 (5th Cir. 1980).  Such actions include "initiating a prosecution and in presenting the State's case."  Imbler, 424 U.S. at 431, 96 S. Ct. at 995.  Thus, Plaintiff cannot sue any of the three Defendants named in this case.

Moreover, Plaintiff's request for relief cannot be granted in this civil rights case. Plaintiff wants "all charges" against him to "be dismissed."  Doc. 1, p. 8.  A civil rights case cannot attack a criminal conviction, nor can it seek to prevent a conviction by having charges dismissed.

Accordingly, there is no relief that can be granted Plaintiff in this case.  Plaintiff has not named a Defendant who can appropriately be sued, nor can Plaintiff seek the dismissal of criminal charges against him, and this court must abstain from interfering in ongoing state criminal proceedings.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on May 18, 2011.


 S/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**